IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.  : | **CASE NO:** |
| : | **7:19-cr-45–WLS** |
| **MEACO DE'ONTA WEBB,** : | |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER

Before the Court is Defendant's Motion to Modify and/or Terminate Supervised Release (Doc. 81) ("Motion") filed August 15, 2025. Therein, Defendant requests that this Court terminate his supervised release early pursuant to 18 U.S.C. § 3583(e)(1). After pleading guilty to Possession with Intent to Distribute Cocaine Base, Defendant was sentenced on October 27, 2020, to serve sixty months imprisonment, followed by four years supervised release. Defendant commenced his supervised release on August 1, 2023.

Defendant requests termination of supervised release because it "interferes with his dialysis as he [is] already limited to what he can do for the rest of his days." Defendant does not explain specifically how his continued release interferes with his dialysis.

On September 25, 2025, the United States Probation Office for the Middle District of Georgia ("USPO"), via memorandum, responded to Defendant's request. The USPO's memorandum reflects that Defendant commenced his commenced his 48-month term of supervised release on August 1, 2023. He has maintained a stable residence in Lowndes County, Georgia, with his mother, and has received social security disability since his supervision commenced. However, Defendant tested positive for cocaine use on March 5, 2025 (*see* Doc. 80), and methamphetamine use on August 6, 2025 (*see* Doc. 82). In response, the USPO has increased Defendant's drug screens. The USPO states the Defendant has not complied with the rules and regulations of supervised release and has not met the criteria for probation officers to seek early termination. The USPO recommends that the Court deny

Defendant's request and represents that the U.S. Attorney's Office agrees with their recommendation.. The Court concurs with this recommendation.

A court's termination of supervised release is discretionary. *United States v. Boyd*, 606 Fed. App'x. 953, 956-957 (11th Cir. 2015). After careful individualized review of Defendant's request and the criteria adopted by the Administrative Office of the United States Courts as outlined in Monograph 109 regarding early termination, the Court finds that Defendant does not meet the standards for early termination at this time. The Court, has determined that further monitoring by the U.S Probation Office is in the interests of justice.

Accordingly, Defendant's Motion to Modify and/or Terminate Supervised Release (Doc. 81) is hereby **DENIED WITHOUT PREJUDICE** to Defendant's subsequent petition or upon the Court's own initiative.

**SO ORDERED**, this 26th day of September 2025.

                                                  **/s/ W. Louis Sands**
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**